

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2008

# Vernon Douglas v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vernon Douglas v. USA" (2008). *2008 Decisions.* Paper 815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-239                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1967
_____

VERNON DOUGLAS,
a/k/a Leverne Douglas,
a/k/a Spider
v.

UNITED STATES OF AMERICA

VERNON DOUGLAS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-00140)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
July 3, 2008

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed: July 22, 2008)
_____

OPINION
_____

PER CURIAM

Vernon Douglas, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his Bivens complaint under 28 U.S.C. § 1915(e)(2)(B). We will summarily vacate in part and summarily affirm in part.

Douglas sued the Bureau of Prisons ("BOP") and individual officers for violating his civil rights. Douglas alleges that he was convicted in federal court for an unspecified offense, and that the sentencing judge imposed a sentence of imprisonment, but no fine. He alleges that J. Kaminski, a Correctional Treatment Specialist at USP-Allenwood, coerced him into signing an Inmate Financial Responsibility Plan ("IFRP") contract, even though Douglas did not owe any "fine." Douglas alleges that Kaminski unlawfully deducted $14 from his prison account six days before his payment was due under the IFRP. Douglas further alleges that Acting Warden William Ey, Warden R. Martinez, D. Scott Dodrill, of the BOP Northeast Regional Office, and H. Watts, Administrator at the Central Office, denied or failed to respond to his grievances, and failed to rectify the premature deduction of funds from his account. Douglas also alleges that this Court vacated his sentence on June 14, 2007, and the docket of the sentencing court indicates that Douglas has not yet been resentenced.

The Magistrate Judge screened Douglas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommended dismissal without leave to amend. Douglas sought an extension of time to file objections to the Magistrate Judge's report and recommendation,

2

as well as leave to file an amended complaint, but the District Court adopted the report and recommendation and denied those motions in its order of dismissal. Douglas moved for reconsideration, again asking to amend his complaint. The District Court denied Douglas the opportunity to amend on the ground that amendment would be futile.[1]

We do not believe that amendment would be futile. Contrary to the Magistrate Judge's report, Douglas's sentence has been vacated, and he has not been resentenced.[2] As such, Douglas's current sentence does not include a fine or special assessment, and Douglas asserts that certain BOP defendants failed to refund his money after his sentence was vacated. The Magistrate Judge also noted that Douglas did not name the correct parties, and that a claim under the Federal Tort Claims Act might be appropriate. Under these circumstances, the District Court should have allowed Douglas to amend his complaint. Therefore, we will summarily vacate the District Court's order, except to the extent it dismissed Douglas's <u>Bivens</u> claim against the BOP, as Douglas may not bring a <u>Bivens</u> action against the agency. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994). We will affirm the District Court's dismissal of his <u>Bivens</u> claim against the BOP.

---

[1]Under Rule 15(a), Fed. R. Civ. P., a plaintiff may amend his complaint "once as a matter of course at any time before a responsive pleading has been served." Instead of simply filing an amended complaint, Douglas filed a motion for leave to amend his complaint. Under these circumstances, the District Court had discretion to deny leave to amend if such amendment would be futile. <u>Centifanti v. Nix</u>, 865 F.2d 1422, 1431 (3d Cir. 1989).

[2]According to the docket, Douglas is scheduled to be resentenced on July 30, 2008. <u>USA v. Douglas</u>, E.D. Pa. Crim. No. 05-00038-RBS-1.

3